UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHARINE PRESCOTT, an individual, and KATHARINE PRESCOTT, on behalf of KYLER PRESCOTT, a deceased minor,<br><br>Plaintiffs,<br><br>v.<br><br>RADY CHILDREN'S HOSPITAL-SAN DIEGO,<br><br>Defendant. | Case No.: 16-cv-02408-BTM-JMA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [ECF No. 27]** |

Before the Court is Defendant Rady Children's Hospital, San Diego's ("RCHSD") motion to dismiss. (ECF No. 27.) For the reasons discussed below, RCHSD's motion is granted in part and denied in part.

## **I. BACKGROUND**

On September 27, 2017, the Court granted Plaintiffs Katharine Prescott, an individual, and Katharine Prescott on behalf of her deceased minor son Kyler Prescott, leave to file a First Amended Complaint ("FAC") as to the claims under California Government Code section 11135 for equitable relief and as to Kyler's claim under California's Fair Advertising Law, Cal. Bus. & Prof. Code § 17500 *et*

1

16-cv-02408-BTM-JMA

*seq.* ("FAL"). On October 12, 2017, Plaintiffs filed an FAC. Because the parties are familiar with the facts, the Court need not recite them here.

## II. STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a legal claim. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in a plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In deciding a motion to dismiss, a court may consider the facts alleged in the complaint, exhibits attached to the complaint, and documents whose authenticity is not questioned and upon which the plaintiff's complaint necessarily relies on, even if not physically attached to the complaint. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 565 U.S. 662, 679 (2009) (internal quotation marks omitted). Only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Id.*

## III. DISCUSSION

**A. California Government Code Section 11135 Claims**

Ms. Prescott alleges that RCHSD denied her and Kyler "full and equal access to services" by discriminating against them on the basis of "sex" and

2

16-cv-02408-BTM-JMA

"disability" under California Government Code sections 11135 and 11139. RCHSD moves to dismiss these claims on several grounds.

### 1. Administrative Exhaustion

First, RCHSD argues that Ms. Prescott is required to exhaust administrative remedies before bringing these claims and has failed to do so. RCHSD relies on title two of the California Code of Regulations section 11140 *et seq.*[1], the implementing regulations of section 11135, to argue that there is an exhaustion requirement for these claims. Section 11143, titled "Exhaustion of Administrative Remedies" states:

> Exhaustion of administrative remedies available under this Division or implementing regulations shall not be a prerequisite to the bringing of actions for judicial enforcement of violations of Chapter 2 and 3 or regulations implementing such Chapters if a showing is made that the state agency involved has not adhered to the time limit set forth in Section 98346 of this Division.

On its face, this regulation does not expressly state that exhaustion of administrative remedies is a prerequisite for bringing a private civil action against a recipient of state funding. Indeed, RCHSD has not cited to any statute or regulation that affirmatively imposes such requirement. At best, the regulation can be read to imply that exhaustion is generally a prerequisite but where an action seeks to enforce violations of Chapter 2 and 3, the requirement is relaxed if a showing is made that the state agency has delayed its investigation. However, when read alongside California Government Code section 11139, this interpretation conflicts with the underlying statute.

The California legislature broadened the scope of section 11135 by providing for a private right of action for equitable relief in section 11139. In 2001, the California legislature further amended the statute with the passage of

---

[1] This section was formerly numbered 22 Cal. Code. Regs. Section 98000 *et seq.*

Assembly Bill No. 677 (2001–2002 Reg. Sess.) by adding that a private right of action for equitable relief shall "be independent of any other rights and remedies." Cal. Gov't Code § 11139. The Court finds that the most reasonable interpretation of this indicates that no exhaustion of administrative remedies is required. Courts interpreting California statutes "must give statutes a reasonable construction which conforms to the apparent purpose and intention of the lawmakers." *Clean Air Constituency v. California State Air Resources Bd.*, 11 Cal.3d 801, 815 (1974).

The Assembly Floor Analysis for the 2001 amendment explains that the "bill clarifies that a victim of unlawful discrimination in programs or activities funded by the state need not pursue administrative or any other remedies prior to, or instead of, bringing an action for equitable relief, nor would any victim be required to elect one remedy." Assembly Floor Analysis on Bill No. 677 (2001–2002 Reg. Sess.) (Aug. 30, 2001) *available at* http://www.leginfo.ca.gov/pub/01-02/bill/asm/ab_0651-0700/ab_677_cfa_20010830_194243_asm_floor.html; *see also Blumhorst v. Jewish Family Servs. of Los Angeles*, 126 Cal. App. 4th 993, 1002 (2005) ("The fourth paragraph was added to clarify the legislative intent that 'a victim of unlawful discrimination' could enforce the prohibition against discrimination in section 11135 through an action for equitable relief without pursuing administrative remedies first."); *Donovan v. Poway Unified Sch. Dist.*, 167 Cal. App. 4th 567, 594 (2008) (noting that the 2001 amendment was necessary to clarify that a victim of discrimination did not need to pursue administrative or any other remedies prior to bringing a suit). RCHSD primarily relies on *J.E.L. v. S.F. Unified Sch. Dist.*, 185 F. Supp. 3d 1196, 1201 (N.D. Cal. 2016) to support its argument that there is an exhaustion requirement for a claim under section 11135. However, in light of the clear legislative intent supported by the legislative history, the Court is not persuaded by the *J.E.L.*'s court's holding that there is an exhaustion requirement.

Accordingly, the Court denies RCHSD's motion to dismiss on this ground.

**2. Ms. Prescott's Claim**

Second, RCHSD argues that Ms. Prescott's claim should be dismissed because she lacks standing to assert a claim under section 11135. Sections 11135 and 11139 require that a plaintiff allege that he or she was personally damaged. *Blumhorst,* 125 Cal. App. 4th at 1002. "The right to sue for a violation of section 11135 exists in injured victims of unlawful discrimination." *Id.* at 1003. Subsection (d) of section 11135 provides for associational claims by stating "[t]he protected bases used in this section include a perception that a person has any of those characteristics or that the person is associated with a person who has, or is perceived to have, any of those characteristics." Cal. Gov't Code § 11135(d).

RCHSD argues that Ms. Prescott's claim fails because she was not personally denied medical services and benefits. In determining whether Ms. Prescott has sufficiently alleged an independent injury, the Court finds instructive cases discussing associational discrimination claims under the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA") and the Rehabilitation Act of 1973, 29 U.S.C. §§ 794–794a ("RA").

In *Glass v. Hillsboro School District*, 142 F. Supp. 2d 1286, 1292 (D. Or. 2001), the court dismissed the parents' associational discrimination claim under the ADA because they failed to plead a separate and direct injury. The parents alleged that they were discriminated against because their experts were denied access to their children's special education classroom. *Id.* at 1292. Because they did not attempt to exercise some independent and separate right to have access to the classroom for *their own* benefit, the parents did not have a valid associational discrimination claim. *Id.* Similarly in *Simenson v. Hoffman*, No. 95 C 1401, 1995 WL 631804, at *5–6 (N.D. Ill. 1995), the court dismissed the parents' associational claim because it was based on an injury to their child.

There the parents were ejected from a medical center because a doctor refused to treat their ill son. *Id.* at * 6. The court found that their son's ejection, and that of his parents, did not constitute a separate injury because they were not at the medical center for "any purpose other than to seek treatment for [their son]." *Id.*

Here, however, Ms. Prescott's claim is more akin to the associational discrimination claims raised in *Loeffler v. Staten Island University Hospital*, 582 F.3d 268, 283 (2d. Cir. 2009) and *Eskenazi-McGibney v. Connetquot Central School District*, 84 F. Supp. 3d 221, 230 (E.D.N.Y. 2015). The Second Circuit in *Loeffler* upheld an associational discrimination claim where the children of a deaf man had to provide sign language interpretation for their father while he was hospitalized and had to miss school as a result. 585 F.3d at 283. The court held that the children and their mother were denied "the service of adequate sign language interpretation to understand their father's medical complications and the procedures he underwent," a separate injury that gave them standing under the RA. *Id.* Similarly, in *Eskenazi-McGibney*, the court held that the parents of a disabled student had sufficiently alleged standing under the ADA and RA because they were denied access to their child's teacher and to the school grounds based on their association with their disabled son. 84 F. Supp. 3d at 230. The parents alleged that they were prohibited from speaking to their son's teacher and going to his bus stop and school in retaliation for advocating on behalf of their son who was being bullied by another student. *Id.* at 227–28. While the court recognized that the parents did not enjoy a right to unfettered access to school grounds, it held that the school district could not deny the parents access based on their association with their child. *Id.*

Unlike the claims in *Glass* and *Simenson*, Ms. Prescott does plead an injury that is separate and apart from the discrimination that Kyler suffered. Ms. Prescott alleges that she repeatedly called RCHSD to share Kyler's reports of misgendering and remind the staff that it was essential that Kyler be referred to

with exclusively masculine pronouns. (FAC ¶ 44.) She claims that in response RCHSD blocked *her* phone number and prevented *her* from soliciting updates on her son's condition. (Id. ¶ 45.) While she may not have a right to unconditional access to RCHSD's staff, if she was denied the access because of her association with Kyler, it is conduct prohibited under section 11135. Accordingly, she has standing under section 11135 and RCHSD's motion to dismiss this claim is denied on this ground.

### 3. Ms. Prescott's Claim on Behalf of Kyler

Lastly, RCHSD seeks to dismiss Ms. Prescott's claim on behalf of Kyler, arguing that the FAC has failed to establish that he would be entitled to restitution because he has no "ownership interest" in any money sought to be recovered.

Remedies for violations of section 11135 are limited to "a civil action for equitable relief." Cal. Gov't Code § 11139; *see Donovan*, 167 Cal. App. 4th at 594 ("Government Code section 11139 demonstrates that when the Legislature wanted to limit the remedies available in a private enforcement to equitable or injunctive relief, it clearly knew how to do so.").

The parties have not cited to, nor has the Court's independent research revealed, cases addressing the issue of restitution within the context of section 11135. However, both parties have cited to cases discussing it under California's Unfair Competition Law ("UCL"), which the Court finds helpful. In *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1149 (2003), the Supreme Court of California stated that "an order for restitution is one 'compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person." (quoting *Kraus v. Trinity Mgmt. Servs., Inc.*, 23 Cal.4th 116, 127 (2000)). The court further explained that "the object of restitution is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Id.*

The Supreme Court of California went on to articulate two theories under which a plaintiff could recover restitution: (1) where the plaintiff is seeking the return of money or property that was once in its possession; and (2) where the plaintiff has a vested interest in the money it seeks to recover. *See id.* at 1149–1150. Here, as Defendant points out, the FAC does not allege that Kyler has an ownership or vested interest in the money sought to be recovered from RCHSD. Accordingly, Kyler's section 11135 is dismissed.

**B. FAL Claim**

RCHSD moves to dismiss Kyler's FAL claim, arguing that the FAC has failed to allege that he relied on RCHSD's misrepresentations. In the Opposition, Ms. Prescott makes it clear that she is not pursuing an FAL claim on Kyler's behalf, in accordance with this Court's previous order. As such, RCHSD's motion to dismiss Kyler's FAL claim is denied as moot.

## IV. CONCLUSION

For the reasons discussed above, RCHSD's motion to dismiss (ECF No. 27) is granted in part and denied in part. The Court dismisses Kyler's California Government Code section 11135 claim. Because there is no showing that Kyler is entitled to restitution, leave to amend is denied without prejudice at this time.

**IT IS SO ORDERED**.

Dated: May 11, 2018

Barry Ted Moskowitz, Chief Judge
United States District Court